# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3477WM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Western District |
| | * | of Missouri. |
| | * | |
| Nadine Wenig, | * | [Not To Be Published] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 12, 2001

Filed: June 28, 2001

_____

Before MORRIS SHEPPARD ARNOLD and RICHARD S. ARNOLD, Circuit Judges, and TUNHEIM,[1] District Judge.

_____

PER CURIAM.

Nadine Wenig has pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and to being a felon in possession of

---

[1]The Hon. John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The District Court[2] sentenced Ms. Wenig to ten years and one month (121 months, the low end of the Guidelines range) on the first count, and to a concurrent term of ten years (120 months) on the other count. The sentences are to run concurrently. The defendant appeals, arguing that the District Court erred in denying her motion to compel the United States to ask the District Court for a favorable departure on the ground of her substantial cooperation. We affirm.

Under the plea agreement, the defendant agreed to cooperate fully and truthfully. With respect to a downward departure for substantial assistance, the agreement read as follows, in pertinent part:

> 9. . . . Upon the determination by the United States Attorney for the Western District of Missouri that the defendant has provided "substantial assistance," the United States shall request the Court to reduce the sentence defendant would otherwise receive under the applicable statutes and/or sentencing guidelines . . .. The United States reserves the right to make the sole determination as to whether and when the defendant has provided such substantial assistance and further whether to request a reduction generally or a specific sentence or sentence reduction.

The Agreement also provided that the government could avoid its obligations under it "if the United States determines that she has not provided full and truthful cooperation, or has committed any local, state, or federal crime between the date of this Plea Agreement and her sentencing . . .." Plea Agreement, 8i.

---

[2]The Hon. Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

On appeal, Ms. Wenig contends that she abided by the Plea Agreement, and that the District Court should have required the government to make a motion for downward departure. On this record, we are constrained to disagree. The government believed that she had lied to an Assistant United States Attorney in conversations that took place after the Plea Agreement. Nothing in this record indicates that this belief was irrational. Moreover, during her release on bond, defendant tested positive for use of methamphetamine. It was not irrational for the government to decline to move for a downward departure, nor is there any indication that its action was the result of any unconstitutional motivation. Without such a motion, the Court had no authority to depart downward. The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.